EXHIBIT ONE



# Notice of Service of Process

null / ALL
Transmittal Number: 16043178
Date Processed: 12/28/2016

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Wilmington, DE 19808 |
| **Entity:** | State Farm Mutual Automobile Insurance Company<br>Entity ID Number 3461675 |
| **Entity Served:** | State Farm Mutual Auto Ins Company |
| **Title of Action:** | Brittany Baker vs. State Farm Mutual Automobile Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Maury County Circuit Court, Tennessee |
| **Case/Reference No:** | 15764 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 12/28/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | TN Department of Insurance on 12/08/2016 |
| **How Served:** | Certified Mail |
| **Sender Information:** | Benjamin J. Miller<br>615-353-0930 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

December 09, 2016

State Farm Mutual Auto Ins Company
2908 Poston Avenue, C/O C S C
Nashville, TN 37203
NAIC # 25178

Certified Mail
Return Receipt Requested
7016 0750 0000 2777 9536
Cashier # 29491

Re:   Brittany Baker   V.   State Farm Mutual Auto Ins Company

   Docket # 15764

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served December 08, 2016, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Maury County
    Courthouse, Rm 202
    Columbia, Tn 38401

# STATE OF TENNESSEE
# MAURY COUNTY

COPY

☒ First
☐ Alias
☐ Pluries

**BRITTANY BAKER**

CIVIL ACTION DOCKET NO. **15744**

Plaintiff

**Method of Service:**

☐ Maury County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☒ Commissioner of Insurance

Vs.

**STATE FARM MUTUAL AUTOMOBILE INS. COMPANY**

Serve Defendant

Through TN Commissioner of Insurance

500 James Robertson Parkway, NASHVILLE, TN 37219

Defendant

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court of Maury County, 41 Public Square, Columbia, TN 38401 and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: **12/2/16**

**SANDY MCLAIN**
Circuit Court Clerk
Mauryl County, Tennessee

By: *C. Coygen*
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Carrie LaBrec, Attorney   THE HIGGINS FIRM, PLLC |
|---|---|
| | 525 Fourth Ave. South, Nashville, Tennessee 37210 |
| | Address |
| | (615) 353—0930; Fax (615) 216-8372; Email: carrie@higginsfirm.com |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

_____
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
**SHERIFF**

If you have a disability and require assistance, please contact 615-666-4480

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____

_____ in the following manner:

_____

☐ failed to serve this summons within 90 days after its issuance because _____

_____

_____
Sheriff/Process Server

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20 _____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket No. _____ to the defendant, _____ . On the _____ day of _____ 20 _____ , I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20 _____ . Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20 _____ .

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF MAURY

I, Sandy McLain, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.
Sandy McLain, CLERK

(To be completed only if
copy certification required.)

By: _____ D.C.

FILE COPY

# IN THE CIRCUIT COURT OF MAURY COUNTY, TENNESSEE
## AT COLUMBIA

| | |
|---|---|
| Brittany Baker, | |
| Plaintiff, | |
| v. | Case No: 15744 |
| | JURY DEMAND |
| State Farm Mutual Automobile Insurance Company, | |
| Defendant. | |

2016 NOV 30 PM 4:42
FILED
SANDY McLAIN CIRCUIT CLERK
MAURY COUNTY

## COMPLAINT

Brittany Baker, the plaintiff, brings this action against State Farm Mutual Automobile Insurance Company, the defendant, for breach of contract, bad-faith pursuant to Tenn. Code Ann. § 56-7-105, negligence and negligence per se.

### PARTIES

1. Brittany Baker is an individual residing in Maury County, Tennessee.

2. State Farm Mutual Automobile Insurance Company is an Illinois insurance company with its principal office in Bloomington, Illinois. State Farm can be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance.

### JURISDICTION & VENUE

3. Jurisdiction and venue are proper in this Court because a substantial part of the events or omissions giving rise to this cause of action accrued in Maury County, Tennessee, where State Farm transacts or has transacted business.

STATE OF TENNESSEE, MAURY COUNTY
I, the undersigned clerk, do hereby certify that this is a true and correct copy of the original of this instrument. This 2nd day of December 2016
Sandy McLain C.C.
Circuit Court Clerk

## FACTS

4. State Farm sold a policy of insurance to Ms. Baker in Maury County, Tennessee bearing policy number 295 5040-F12-42A and with effective dates of November 13, 2015 to June 12, 2016 ("the Policy").

5. Ms. Baker purchased uninsured motor vehicle coverage with bodily injury limits of $250,000 per person and $500,000 per accident.

6. All of the premiums owed for the Policy have been paid.

7. On December 5, 2015, Ms. Baker was struck by a vehicle operated by Gregory Anderson.

8. Ms. Baker was injured in the accident and incurred approximately $122,943.63 in medical expenses as a result of her injuries.

9. Mr. Anderson's liability insurance company offered the limit of his liability policy in the amount of $25,000 in exchange for a full release of Mr. Anderson, which Ms. Baker was agreeable to, and pursuant to T.C.A. § 56-7-1206 the parties proposed the settlement to State Farm.

10. By letter dated May 5, 2016, State Farm consented to the proposed settlement and waived its subrogation rights against Mr. Anderson. State Farm is in possession of a copy of the May 5, 2016 letter.

11. On May 27, 2016 Ms. Baker made a formal demand for payment of her remaining UM bodily injury limit of $225,000 ($250,000 minus the $25,000 paid by the liability carrier), and on June 17, 2016 State Farm formally refused to pay.

12. By emails dated June 17, 2016 and November 4, 2016, Ms. Baker requested, through counsel, to proceed with binding arbitration of her UM claim and suggested two individuals to serve as arbitrator pursuant to T.C.A. § 56-7-1206. State Farm is in possession of copies of the June 17, 2016 and November 4, 2016 emails.

13. State Farm has not responded to either request.

### COUNT I: BREACH OF CONTRACT

14. The Policy constitutes a valid and enforceable contract between Ms. Baker and State Farm.

15. State Farm has an obligation pursuant to the Policy to pay Ms. Baker's demand or to submit the claim to binding arbitration.

16. State Farm has refused to pay Ms. Baker's demand or to submit the claim to binding arbitration.

17. State Farm's refusals are a breach of contract.

18. State Farm's breach has caused Ms. Baker to suffer damages.

19. State Farm's breach was negligent, reckless and intentional.

### COUNT II: BAD-FAITH PURSUANT TO TENN. CODE ANN. § 56-7-105

20. A formal demand for payment was made on May 27, 2016, and formal demands to proceed with binding arbitration were made on June 17, 2016 and November 4, 2016.

21. Ms. Baker waited more than 60 days after making the first two formal demands before filing suit.

22. State Farm's refusal to pay Ms. Baker's demand or to submit the claim to binding arbitration was not in good faith, as explained in more detail below.

23. After formally refusing to pay Ms. Baker's demand, State Farm refused to consider or even acknowledge additional, relevant information that had been discovered and provided to State Farm by Ms. Baker's counsel.

24. State Farm would not respond to Ms. Baker's demands to submit the claim to binding arbitration or otherwise give her a reason for its refusal. It simply ignored her.

25. State Farm's bad-faith refusals inflicted additional expense, loss, and injury, including attorney fees, on Ms. Baker.

26. State Farm's bad-faith refusals were negligent, reckless and intentional.

## COUNT III: NEGLIGENCE

27. State Farm owed Ms. Baker a duty of reasonable care in performing its obligations under the Policy and in working with Ms. Baker on her claim in good faith.

28. State Farm breached its duty of reasonable care by failing to pay Ms. Baker's demand, by refusing to consider or even acknowledge additional, relevant information that had been discovered and provided to State Farm by Ms. Baker's counsel, and by ignoring her demands to submit the claim to binding arbitration.

29. State Farm's negligence caused Ms. Baker to suffer damages.

## COUNT IV: NEGLIGENCE PER SE

30. State Farm's violation of Tenn. Code Ann. § 56-7-105 constituted negligence per se.

31. State Farm's negligence per se caused Ms. Baker to suffer damages.

## DEMAND FOR RELIEF

32. Ms. Baker seeks a judgment against State Farm for incidental damages caused by State Farm's breach of contract.

33. Ms. Baker seeks a judgment against State Farm for compensatory damages, including but not limited to pain and suffering, medical expenses and loss of enjoyment of life.

34. Ms. Baker seeks a judgment against State Farm for the statutory penalty provided for in Tenn. Code Ann. § 56-7-105, including the additional expense, loss, and injury, including attorney fees, caused by State Farm's bad-faith.

35. Ms. Baker seeks a judgment against State Farm for punitive damages due to its intentional and reckless conduct.

36. Ms. Baker seeks a judgment against State Farm for pre- and post-judgment interest.

37. Ms. Baker seeks a judgment against State Farm taxing State Farm with the costs of this action.

38. Ms. Baker requests a trial by jury.

39. Ms. Baker seeks other relief as justice may require.

Respectfully Submitted,

THE HIGGINS FIRM, PLLC

BENJAMIN J. MILLER, BPR No. 25575
Attorneys for Plaintiffs
525 4th Avenue South
Nashville, TN 37210
(615) 353-0930

5

Case 1:17-cv-00006   Document 1-2   Filed 01/27/17   Page 10 of 10 PageID #: 14